United States v. Hyman v. Powell. I'd be pleased to give her a hand. Excuse me, your honor. You'd be happy to give her a hand? Thank you. You're welcome. Good morning. May it please the court. My name is Sarah Powell. I'm CJA appointed counsel for Adrian Hyman. Adrian Hyman's sentence is unlawful because the district court improperly calculated the sentencing guidelines in two respects and failed to give particularized findings in overturning official objections for this court to be able to review. I will first address the fullness of the sentence and then I will take on the government's forfeited contention that this court should ignore the merits of this case because of the timeliness of the notice of appeal. Why don't you tell us about that first because if we were to grant the motion to dismiss, the rest of it doesn't make any difference. Yes, of course. Excuse me. It is our position that the government through its delay has forfeited this timeliness. As we've briefed, it's like an affirmative defense. Delay can cause forfeiture and delay must mean something. And so when the United States is called by the Supreme Court, the richest, most powerful, and best represented litigant to appear before it, we have to take that and assume that there were probably procedures in place. I can't imagine an AUSA's office in the country that does not have a system in place already designed to flag immediately noticeable issues such as jurisdiction or timeliness or other things like this as soon as the case is docketed. Where is the clarity in your view? I mean, what point is, when is too long? When exactly? It's difficult because the appellate system is different than the civil system. Well, that's why I'm asking you to tell me what you would have us decide is too long. Well, this court has held, for example, in Georgia-Pacific that we briefed, that affirmative defenses, they must be raised at the earliest moment possible in a case or at the latest. That was at trial. But it was the affirmative defense of preclusion that came up in the middle of the case. And then it says at the latest, at least the first reasonable opportunity. Now, first reasonable opportunity in an appellate court, as you've noted, Judge Agee, is different than a civil trial. When the case is docketed, in our case, November 2016, my view would be that that is notice. The notice of appeal. If I could about our local rule before Circuit Rule 27, which says that motions to dismiss, based upon the ground that the appeal was not within the jurisdiction of the court or for other procedural grounds, may be filed at any time. And the government, in its brief, cites the local rule and quotes it. However, you don't address it. It would appear that the government is following the Fourth Circuit's rule. And if that's the case, why shouldn't their motion be granted? Your Honor, I would disagree. That rule, allow me to explain. The rule, I read it as saying it may be filed, certainly, but this is covering all appeals, all forms of jurisdictional timeliness and non-jurisdictional claim processing rules. That local rule is covering all of that. And, yes, the government may, but it's our position that if it delays, if it waits until the entire merits of the case, until everything has been done, until first reasonable opportunity is long past, then it should forfeit that, as this Court and the Supreme Court have said about affirmative claim processing defenses. So that goes back to when exactly? Some place between first reasonable opportunity and before everything is done? Yes. I think that the first reasonable opportunity, as I was saying, is when the case is docketed. The appeal? Yes, in this Court. Because that gives the notice of appeal, the date of the judgment entered, and all of the information that the government needs. Do you have a case in the appellate context, particularly in the view of a circuit rule like the one that we've been discussing, where this sort of limit has been judicially imposed? Where the limit of, in an appeal? Right. The only case I know of, yes, no, the only case I know of is United States v. Robinson in the 1960, in the Supreme Court, as we cite. The government did file a motion to dismiss, and the Court held that it should have been granted. However, in that case, the government acted in a month after the notice was docketed. When do you think the government's objection should have been lodged? I think the first, as this Court has said, I think the first time it was on notice, as I said, was when it was appealed. However, I'm getting to that. I'm sorry. I apologize. Yeah, I mean, this is sort of the fourth time in iteration. I know. I keep trying to answer. I try to respond to you. I'm sorry. Yes. I don't have a drop-dead date, but I will tell you what I think is the reasonable, first reasonable opportunity would have been when the docketing statement was filed. I was appointed by this Court. I had to immediately file a docketing statement. That had, on December 5th, 2016. Your test, which is the first reasonable opportunity, isn't that going to result in an awful lot of litigation? No, Your Honor. What's the first reasonable opportunity? I think that the government is on notice when the docketing statement at the latest is filed, and it has 10 days under this local rule to respond and correct the docketing statement. So it has to be within 10 days. That's your drop-dead date? No. I don't know that there is a harsh line. These are claim processing rules. They're not jurisdictional. I think now we're getting on the spectrum of it being more and more not the first reasonable opportunity. Your Honor, I think notice of the fact that we filed a docketing statement and those sorts of things. But in the context of the rule we have, the written rule we have, they are on notice of that. It says you can file this at any time. This motion is dismissed. How is the government on notice? Because apparently you said there isn't any case law on this. We don't have a rule on this. How are they on notice as to when this line of demarcation is? How do they figure it out? You're right, Your Honor. There is case law, plenty of case law about affirmative defenses. And there's plenty of case law, Contract Free Ryan, this Court's U.S. v. Uri Uri Tan, the Everhart, all of those cases that say this is an affirmative defense and if you wait too long you can lose it. And that's where they go. This is an affirmative defense? Contract Free Ryan, the Supreme Court, in looking at these claim processing rules, non-jurisdictional, timeliness is key, notes, these are affirmative defenses. These primarily benefit the party, unlike others. That rule that you just announced about the affirmative defense must be raised at the first opportunity, your formulation of that is very general. Affirmative defenses cover both substantive and procedural grounds. Most of them, in fact, are substantive affirmative defenses, which would lead to a ruling for the party raising the affirmative defense on merit. But in line with the general view, the specific trust of general, the rule to which Judge Agee is referring is referring specifically to other procedural grounds, which this surely may be found at any time. And your rule is simply several levels of generality above that. Yes, Your Honor, but I don't think it's levels of generality. Allowing the government, who is, again, the best resourced litigant, who knows, who has a system in place to flag untimeliness the second it's docketed. I can't imagine an AUSA office not having that. Who knows untimeliness. There is no point in waiting. The point in waiting. Let me just say this, that it's quite possible that the government would prefer to deal with the appeal as a whole. I mean, you know, the government is not possessed of unlimited resources, and maybe it wants to take the appeal up as a whole when it looks at what the lay of the land is, what the opening brief is, and just deal with it at one time. A lot of us like to deal with things at one time rather than in fragments. And from my standpoint on the court, I prefer to deal with an appeal at one time and not just reach me in dribbles, which would be the case if your rule would prevail. You'd have to deal with a timeliness question, which is, you know, a lot of them are cut and dried, but not invariably. And we'd have to deal with a timeliness question, and then later on we'd have to go deal with it through the merits. And I don't want to deal with it in dribbles. I'd rather look at the whole thing at one time. Now, you know, I do recognize that motions could dismiss a file where there's a waiver of an appeal and a plea bargain. But there the government's trying to get the benefit of its bargain and wants to get the benefit sooner rather than later. And I don't see that saying the government doesn't have the same vested interest in this kind of situation that it does when it files a motion to dismiss based upon a waiver, you know, an appellate waiver and a plea agreement. But it's all a question of efficiency, and I'm not sure that, you know, Some procedural rules serve efficiency by requiring motions to be made sooner rather than later. But other procedural systems may serve efficiency by having motions filed at a later point in time where a court can deal with it all at one time. And that seems to be the situation here. I think efficiency is best served by requiring the government, when it has a defense or a timeliness, to assert it at the first reasonable opportunity. It has never offered a reason for its delay. In fact, it's usually – it filed less than two pages in substance with a motion to suspend. It didn't give it all to the court along with its merits on the sentencing and all of that. It filed it very late, just when its own duties were coming due, and it was going to have to file the brief. Aren't we going to have to amend our local rule? Because it's not clear to me that it embraces – let me suggest that our local rule seems, at least a quick reading, to – I don't think the government would be unjustified in thinking it means what it says, which is that it can be filed at any time. It certainly may. I agree. But the local rule also notes that if it's a motion to dismiss, it should be as quickly as possible. It should be done as soon as possible to avoid all of this waste, to avoid all the time spent. It doesn't say anything about it. It may be filed at any time. The notes to the rules – I'll have to look it up – do say we encourage these motions, if they're dispositive, to be filed as soon as possible. There are other circuits that have read this whole question of forfeiture the way we suggested we might. Do you have any going your way? I do. I think, as I said earlier, there is not a direct case on point yet, but there are plenty of Supreme Court and this circuit's cases dealing with these claim processing rules in the appellate context. The specific point that you are making, that you are urging to us? That the government must act within a reasonable amount of time after it knows its claim, before we have gone through the merits, before we've – am I understanding your question, Judge? No. I'm sorry. I honestly don't know how to make it any clearer. I think all of the questions are a variation on the theme of what guidance do we provide. How do we provide guidance that can be followed that is clear to both parties? And I don't know how to ask it. I understand. And I do believe the local rule, which clearly is generally worded and says may, I believe that is covering the jurisdictional bars, all possible motions. I don't see how that advances your point. I know that the government is aware of this line of cases. From Eberhardt to Contract v. Ryan, through the long line nowadays. They're coming up more and more. They know that a claim processing rule, if they delay and there is no reason, then they could lose it. Even this court has said that. I don't find it particularly sympathetic to say that you're being put to extra work when the government could have raised its affirmative defense earlier. And the reason is that the rule of frat four is not a particularly difficult rule to follow. Everybody follows it all the time. The vast majority of notices of appeal are filed within the 10-day limit. And those that are not filed within the 10-day limit, there's a motion for an extension for the 30-day limit. So we have here a clear time limit followed by the vast majority of litigants. It's not a difficult time limit at all to understand. And in this case, I don't know, there's a four-month delay. So if we did anything other than this, everybody would look at this and say, gosh, the fourth circuit's excusing the worst kind of sloppiness on this point. And we'd be running the risk of getting more late-filed appeals, which notices of appeal, because this is not only a delay, it was an egregious delay. Your Honor, I think that this Court has noted untimely beyond, as for several years, when they have been late. This less than four months is not appropriate. But this is, again, not a jurisdictional rule, and the Supreme Court has clearly said we should not treat these. It's a mandatory claim processing rule. Yes. It's not jurisdictional, because you may lack subject jurisdiction, whether the litigants invoke it or not. But a mandatory claims processing rule seems to be a little bit different, but still pretty effective, because when the government does invoke a mandatory claim processing rule and elects to stand on a trial, we have to respect that. If the government never invokes that, it's different from a jurisdictional rule. That's waiver, and that's not forfeiture. Forfeiture should mean something. If it doesn't raise it at all as a matter of course because it's decided, it's waiver. I'll go back to the main point, which is that those time limits are directed at you. Yes. They were violated on your part. There are no time limits directed by the rules at the government. In fact, it says it may be done at any time. So we're faced with a situation where one litigant is facing finite time limits, and the other is facing a local rule which says if you want to raise a procedural point, you can raise it at any point. So that is just a— That is the general rule. Your local rule is the general rule. The more specific rule is that line of cases that I've cited in my response to the government's motion to dismiss. Is there a line of prejudice in any way about what you see as the delay in this case? Well, if it's kicked out, certainly. But, yes, when they—of course. And that's the thing. Wait a minute. Sorry. If you delay a prejudice to your client in some tangible way, you can identify it. Yes. Affirmative defenses must save the party resources. They are the purpose. Wait a minute. We understand all that. Tell us if there's some tangible way your client personally is prejudiced. Yes. Instead of it being dismissed when the government filed its two-pager months ago, he could have filed for habeas 2255 much, much earlier and been farther along than now. We were supposed to hear this case months ago. The government then came on and asked for an extension. He is still waiting. He's still in prison. This is what makes your argument not just unclear but unsubstantiated. Yes, I agree. But as Molina Martinez has said, the sentencing guidelines are complicated. And it notes problems are going to sometimes be overlooked. And by the time he got to jail and in prison and had the time to think about it, he alone, pro se, realized there had been serious errors, and I agree with him. And he filed a notice of appeal, and it's not jurisdictional. And it must mean something more than the government being able to sit back and see the entire case. Thank you very much. Mr. Shanker, we're happy to hear from you. Good morning. Thank you. May it please the Court, Vijay Shanker for the United States. Your Honors, the question of what constitutes the government's timely assertion of It's been answered by this Court, although in unpublished opinions, and it's been answered by multiple other courts of appeals in published opinions. Do we have to get beyond our local rule? We don't, Your Honor. I don't think so. But I do think that the language in these other decisions serves to inform this question, and it's helpful. And I'll start with the Supreme Court's decision in Manrique. Manrique, the United States, that's from this year. Many of the other circuits did not rely on local rules, did they? They didn't. So you've got, I don't know which ones they were. I think I seem to remember they're the 5th and 7th. Right, the 5th, the 11th, the 9th. They've all spoken on this. They've spoken to it, but what I'm saying is independently of the local rules, they found this to be a mandatory claims processing rule, and when the government elects to stand on it, if the government decides to elect to stand on it, it hasn't forfeited its right to raise a point. Correct, Your Honor. That's right. But I think the question is still lurking here of what is a timely assertion. So I do think, I mean, I could stand here and say at any time, I do think if the government allows, for example, this court to reach the merits of a case and then moves to dismiss the appeal at that point, one could argue that that's too late. Why? I mean, why would we argue that? Why would you argue that? Well, I don't, honestly, Your Honor, I think it's incumbent on me to cite the Supreme Court's language on this, which is both in the Manrique decision and the Everhart decision. And both of those suggest, and also the language of the published decisions in other circuits suggests that the point at which might be considered too late is when the government has addressed the merits in its answering brief. And that, I think, coincides with the general notion that parties waive arguments that they do not raise in their merits briefs to this court. It is understood and accepted, I think, that the government can forfeit or waive or not assert untimeliness. And so I do think it's incumbent on the government to assert untimeliness at some point. And I don't think it's in anyone's interest for the government to wait until this court has reached the merits and then move to dismiss an appeal. But that's why I think the language in Manrique, for example, where the Supreme Court says the government timely raised untimeliness and then directly cited to the government's answering brief in the court of appeals. And then in Everhart, the government, the court- If you raised it in a petition for a year, for example, after you've lost all the merits, and then you raise the timeliness point for the first time, that might be a little problematic. It might be, Your Honor. And that's a difficult question. That might have to be litigated down the road. It's not a position where a certain- I mean, there is some obligation of timeliness on your part. And you can't play fast and loose and wait to see if you win on the merits and then if you lose on the merits, say, oh, in the petition for a year, it said, well, the notice of appeal was not timely filed. I mean, so there's got to be some outer limit on it. I agree, Your Honor. And that's why I started with the premise that at least by the time of our answering brief. And in fact, there is no requirement in this court or other courts that the government even file a motion to dismiss an appeal as untimely. So the government can wait to address the issue in its answering brief to this court, still thereby preserving its assertion of untimeliness. And, again, numerous courts have said this, and this court has said it in unpublished opinions. I'll cite to the Perry decision, 595 Fed Appendix 252, and the government says that the government properly notes its objection if it You know, I think we understand your position very well and appreciate it. I have a question indicating that I think we understand what the issue is. Do you have anything further? I'll ask my colleagues if they have any further questions. I don't, Your Honor. Do you have anything further? I don't. Okay, thank you. Thank you. Ms. Powell. Thank you. Very briefly, I first want to make the point that it's our position, as we said, the government has defaulted this argument about forfeiture anyway. It has never responded to our response to the government's motion to dismiss where we go into detail about the affirmative defense and the forfeiting. And it's never raised any arguments in its other brief, its response to our opening, that it hasn't forfeited. It just asserted that as long as it invokes it, it is proper. So under Carthorne and other cases in this court, we want to assert quickly that they have defaulted this argument. They have not made any arguments that they didn't forfeit. Secondly and finally, we are here now. All of the resources have been spent in this case. All of the time. All the things that raising affirmative defenses quickly are supposed to address have happened. The government is at no more prejudice now. They've prepared. We're all here. So we would ask that you do, in our case, here. I agree, Your Honor, and that is a 2255 issue. But we're here now, and instead of going back and doing the 2255 and then coming to this court again, we can hear it now. And I would ask that this court keep in mind all of the cases that do discuss forfeiting versus waiving. Yes, they can decide to waive it, but in action, forfeits. And that is a simple notion that is clear in case law, that they must act when they know, as soon as they know. And if they do sit on it, they may not always know hard and fast. If they offer some excuse, some reason, if they fill it with their opening brief and the substance at the same time, maybe those would come into the calculation so that you do really have this court has the full case in front of it. But none of that happened here. The government sat back and watched after many times that it had many opportunities, that it had to raise it and didn't, and then simply raised it in a two-page motion after all of the expense of the other side, which is not going to help this court reach the merits. And they didn't respond to our motion to dismiss response, and so I'm not, you know, it's our position that they've defaulted this issue in general. Thank you, and I would like to answer any further questions if I may. Well, thank you very much, and I see you're court appointed. Yes. And you've made a fine argument, and I want you to know how much we appreciate it. Thank you. We're going to come down and greet everybody, and then we'll take a brief recess. This honorable court will take a brief recess.
judges: J. Harvie Wilkinson III, Allyson K. Duncan, G. Steven Agee